UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. ETHERIDGE,<br>       Plaintiff<br><br>   v.<br><br>MIDLAND SUPPLIES AND PACKING COMPANY, *et al.*,<br>       Defendants | No. 22 CV 3401<br><br>Judge Jeremy C. Daniel |

# ORDER

The defendants' motion to dismiss [48] is granted. The claims against the Individual Defendants are dismissed with prejudice, as further amendment would not cure the deficiency. All other claims are dismissed without prejudice. The plaintiff is granted leave to amend only with respect to his race and age discrimination and retaliation claims against Midland. Unless the plaintiff files an amended complaint plausibly stating claims for race and age discrimination and retaliation against Midland by October 8, 2024, the Court will enter judgment dismissing this action with prejudice.

## STATEMENT

*Pro se* Plaintiff Richard A. Etheridge filed a form complaint against his former employer, Defendant Midland Supplies and Packing Company ("Midland") and two of its employees,[1] alleging race, age, and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b). (*See* R. 1.)[2] The Court screened and dismissed Etheridge's complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim and granted him leave to amend. (R. 10.) Etheridge filed an amended complaint. (R. 20 ("FAC").)

The following description of the factual allegations underlying Ethridge's claims is drawn from the complaint and is presumed true for the purpose of resolving the pending motion. *See Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Etheridge

---

[1] The Midland employees sued in their individual capacities are Derrick Antonio and Jim Evans and are collectively referred to as "the Individual Defendants."

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

is a 58-year-old White man. (FAC at 4–5.) He alleges that he "was hired by Express Employment Professionals" "and assigned[sic] to work at Midland" as a Material Handler in January 2018. (*Id.* at 5.) Etheridge does not specify the relationship between Express Employment Professionals and Midland. Etheridge further alleges that he was meeting Midland's expectations for this position. (*Id.* at 4.) He asserts harassment, discriminatory treatment, and retaliation between February and May of 2018. (*Id.* at 3–4.) Specifically, he claims that his co-workers called him an "old man" and "white boy" and told him that "he should not be in the workplace." (*Id.* at 4–5.) He also asserts that similarly situated younger and non-white employees were treated more favorably. (*Id.* at 4.) He claims that in April 2018, he was denied promotional opportunities and discharged in May 2018 because of his age, race, disability and in retaliation for separately complaining to both Express Employment's and Midland's human resource managers. (*Id.* at 5.)

On November 7, 2018, Etheridge timely filed a charge of discrimination for age, race-based harassment, as well as retaliation, with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. (*Id.* at 10, 12–13); *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) ("[A] charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice."). The EEOC issued a Notice of Right to Sue letter on April 12, 2022. (FAC at 8.) Etheridge timely filed his first complaint on June 29, 2022. (R. 1); *see Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001) ("A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC.").

Before the Court is the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (R. 49.) To survive Rule 12(b)(6) dismissal, Etheridge's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs. Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the complaint. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Nevertheless, "[t]his does not mean that [the Court] will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996.)

First, the defendants argue that the complaint should be dismissed as to the Individual Defendants because federal employment discrimination laws do not provide for individual liability. (R. 49 at 6.) The Court agrees. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (affirming dismissal of claims against individual defendants "for the discrimination and retaliation claims arising directly under . . . the ADA"); *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (ADEA); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d

490, 494 (7th Cir. 1998) (Title VII). The complaint against the Individual Defendants is dismissed with prejudice.

Second, the defendants assert that the race and age discrimination and retaliation claims asserted against Midland must be dismissed because the complaint fails to plausibly allege an employee-employer relationship. (R. 49 at 6–7.) The Court agrees.

"Only an employer can be liable under Title VII." *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023); *see also Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (acknowledging that an ADEA plaintiff must "establish employer liability"). Here, the complaint does not allege an employer-employee relationship between Etheridge and Midland; rather, it provides that he was hired and assigned to work for them by Express Employment Professionals.

Indeed, "a plaintiff may have multiple employers for the purpose of Title VII liability." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). Additionally, "[i]t is well established . . . that a plaintiff can, under certain limited circumstances, bring a claim against a defendant who is not his direct employer." *Id.* "Whether a particular employer constitutes the plaintiff's employer presents a legal question." *Bronson*, 69 F.4th at 448. To survive dismissal, the complaint must include sufficient allegations to make it plausible that Midland was Etheridge's indirect, or *de facto*, employer. *See Harris v. Allen Cnty. Bd. of Comm'rs*, 890 F.3d 680, 683 (7th Cir. 2018); *Turner v. City of Chi. Bd. of Educ.*, No. 17 C 6507, 2018 WL 3218706, at *4 (N.D. Ill. July 2, 2018). The Seventh Circuit relies on the five factors laid out in *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991) ("the *Knight* factors") to determine whether a defendant is a *de facto* employer. This analysis considers both "how much control" the alleged *de facto* employer exerted over the employee, and "the economic realities of the relationship . . . ." *Love*, 779 F.3d at 702; *see, e.g.*, *Turner*, 2018 WL 3218706, at *4. The *Knight* factors are:

> (1) "the extent to which the putative employer controlled or supervised the alleged employee;" (2) "the type of occupation and the nature of the skills required for the position in question;" (3) "whether the putative employer was responsible for the costs of 'equipment, supplies, fees, licenses, workplace, and maintenance of operations;'" (4) "whether the putative employer was responsible for providing payment and benefits;" and (5) "the length of the employee's job commitment and/or the expectations of the parties."

*Love*, 779 F.3d at 702.

Here, Etheridge alleges that he was hired by Express Employment Professionals and assigned to work for Midland as a Material Handler. (FAC at 4–5.) Regarding the

first factor, Etheridge does not allege which entity supervised him. Even if the Court granted Etheridge an inference that Midland supervised him, he fails to allege which entity offered and denied him promotional opportunities or discharged him. *Harris*, 890 F.3d at 684 ("[T]he key control powers are 'those of hiring and firing.'") (citation omitted). Etheridge additionally reported his mistreatment to Express Employment Professionals and Midland, and there are no allegations about which entity is responsible for the alleged retaliation. (*See* FAC at 5.) On the second factor, the complaint does not describe the nature of the skills required to be a Material Handler. Examining the third factor reveals that the complaint does not allege which entity was responsible for the costs of equipment, supplies, workplace, and maintenance of operations. There are also no allegations regarding the fourth factor as the complaint does not allege which entity was responsible for Etheridge's pay. Concerning the fifth factor, the complaint alleges that Etheridge was hired by Express Employment Professionals in January, did not begin his assignment with Midland until February, and worked there until his discharge in May 2018. (*Id.*) But the complaint falls short of alleging the expectations of Express Employment Professionals, Midland, or Etheridge about the length of this commitment. Thus, even affording the complaint a liberal construction, it fails to plausibly allege that Midland could be considered a *de facto* employer under the *Knight* factors. Accordingly, to the extent Etheridge is attempting to hold Midland liable as a *de facto* employer, his race and age discrimination and retaliation claims are dismissed without prejudice and with leave to amend.

Finally, the Court also considers the defendants' motion to dismiss Etheridge's disability discrimination claim for lack of exhaustion. (R. 49 at 14–15.) Although a court generally does not consider affirmative defenses under Rule 12(b)(6), *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019), such course is proper "'where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (citation omitted). Here, by attaching the EEOC Notice of Right to Sue letter and his underlying charge to his complaint, Etheridge made them a part of the complaint "for all purposes." Fed. R. Civ. P. 10(c).

"A Title VII complaint generally is limited to the claims asserted in the underlying EEOC discrimination charge." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013). "A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). "In determining whether the current allegations fall within the scope of the earlier charges, the court looks at whether they are 'like or reasonably related to' those contained in the EEOC complaint." *Id.* (citation omitted). "If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.*

4

Here, Etheridge's EEOC charge's "cause of discrimination" is based on "age[,] race[,] [and] retaliation." (FAC at 10.) This is not "like or reasonably related to" to disability discrimination. *See, e.g., Smith v. Am. Youth Hostels, Inc.*, No. 19 C 7422, 2020 WL 6565255, at *6 (N.D. Ill. Nov. 9, 2020) (concluding that sex discrimination claim was not like or reasonably related to charge asserting discrimination based on race, retaliation, and national origin). The charge also does not assert that Etheridge is disabled and so there is no inference that the disability discrimination claim could have been developed by the EEOC's investigation into his identified claims. (*See* FAC at 10, 12–13.) Also, though the medication list that Etheridge attached to his complaint appears between pages one and two of his charge of discrimination, it is evident that this document was not presented to the EEOC; the document was created "as of September 20, 2022" and the charge was submitted on November 7, 2018. (*See* R. 20 at 11); *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("[A] court . . . may independently examine and form its own opinions about [a] document."). Accordingly, Etheridge's disability discrimination claim is dismissed without prejudice. *See, e.g., Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019) (citing *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989)).

Date: September 10, 2024

JEREMY C. DANIEL
United States District Judge

5